```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF INDIANA
                    SOUTH BEND DIVISION
```

| | |
|---|---|
| KIMBERLY HIVELY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 3:14-cv-1791 |
| | ) |
| IVY TECH COMMUNITY COLLEGE, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

This matter is before the Court on the Motion to Dismiss, filed by Defendant, Ivy Tech Community College ("Ivy Tech"), on September 29, 2014 (DE #8). For the reasons set forth below, the motion (DE #8) is **GRANTED**. The Clerk is **ORDERED** to **DISMISS** Plaintiff's complaint **WITH PREJUDICE** in its entirety, and to **CLOSE** this case.

BACKGROUND

Pro se Plaintiff, Kimberly Hively, filed her two-count complaint against Ivy Tech on August 15, 2014. (DE #1.) She alleges she was "[d]enied fulltime employment and promotions based on sexual orientation" in violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981. (DE #1, p. 2.) She attached her administrative charge of discrimination which stated as follows:

> I have applied for several positions at IVY TECH, fulltime, in the last 5 years.  I believe I am being blocked from fulltime employment without just cause.  I believe I am being discriminated against based on my sexual orientation.  I believe I have been discriminated against and that my rights under the Title VII of the Civil Rights Act of 1964 were violated.

(DE #1-1, p. 2.)

Ivy Tech filed the instant motion to dismiss on September 29, 2014 (DE #8), arguing Plaintiff failed to set forth a claim upon which relief may be granted, and the complaint should be dismissed under Federal Rule of Civil Procedure Rule 12(b)(6).  Specifically, Ivy Tech contends that sexual orientation is not a protected class under Title VII or Section 1981.  (DE #9.)

Hively filed a response in opposition on November 12, 2014 (DE #12).  In it, she sets forth facts about the percentage of states recognizing same sex marriages/civil unions, and argues that sexual orientation should be protected.  Additionally, she quotes Ivy Tech's employee handbook, which states that the College "will not discriminate against any person because of . . . sexual orientation. . . ."  (DE #12, p. 2.)  Finally, in the last sentence of her response, Hively requests permission "to amend the initial complaint to include the state and local rules and Ivy Tech Community College's employment policy."  (*Id.*, p. 3.)

Ivy Tech filed a reply in support of its motion to dismiss on November 21, 2014 (DE #13).  As such, this motion is fully briefed and ripe for adjudication.

2

DISCUSSION

Motion to Dismiss for Failure to State a Claim

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted); *see also Ray v. City of Chicago*, 629 F.3d 660, 662-63 (7th Cir. 2011) (citation omitted) ("While the federal pleading standard is quite forgiving . . . the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.").

A complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Plus, *Iqbal* requires that a plaintiff plead content which allows this Court to draw a reasonable inference that the defendant is liable for the alleged misconduct. 556 U.S. at 678.

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must draw all reasonable inferences that favor the plaintiff, construe the

3

allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Thompson v. Ill. Dep't of Prof'l Regulation,* 300 F.3d 750, 753 (7th Cir. 2002); *Perkins v. Silverstein,* 939 F.2d 463, 466 (7th Cir. 1991).  In order to withstand a motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. *Kyle v. Morton High Sch.,* 144 F.3d 448, 454-55 (7th Cir. 1998); *Lucien v. Preiner,* 967 F.2d 1166, 1168 (7th Cir. 1992).  A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level' " and "if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Servs., Inc.,* 496 F.3d 773, 776 (7th Cir. 2007) (quoting in part *Twombly,* 550 U.S. at 569 n. 14 (2007)).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly,* 550 U.S. at 555 (quotation marks, ellipsis, citations and footnote omitted).  Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank*, N.A., 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

The Court notes that Plaintiff is appearing *pro se* in this

matter.  Generally, although "pro se litigants are masters of their own complaints," and "[d]istrict judges have no obligation to act as counsel or paralegal to pro se litigants," *Myles v. United States*, 416 F.3d 551, 552 (7th Cir. 2005), a document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, "on a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation."  *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986) (quotation marks omitted)).

   Title VII

   Title VII states that:

>       It shall be unlawful employment practice for an
>       employer - (1) to fail or refuse to hire or to
>       discharge any individual, or otherwise to
>       discriminate against any individual with respect to
>       his compensation, terms, conditions, or privileges
>       of employment, because of such individual's race,
>       color, religion, sex, or national origin[.]

42 U.S.C. § 2000e-2(a)(1).  While Title VII expressly prohibits employers from refusing to hire employees "because of [their] sex," the Seventh Circuit has held that "Congress intended the term 'sex' to mean 'biological male or biological female,' and not one's sexuality or sexual orientation. *Hamner v. St. Vincent Hosp. and Health Care Center, Inc.*, 224 F.3d 701, 704 (7th Cir. 2000).  Thus,

5

"harassment based solely upon a person's sexual preference or orientation . . . is not an unlawful employment practice under Title VII." *Id.*, see also *Wright v. Porters Restoration, Inc.*, 2:09-CV-163-PRC, 2010 WL 2559877, at *4 (N.D. Ind. June 23, 2010) (granting dismissal of claim alleging discrimination for sexual orientation, stating "[t]o the extent the Plaintiff may be alleging discrimination based on sexual orientation, the Seventh Circuit has unequivocally held that this type of discrimination is not, under any circumstances, proscribed by Title VII"); *Hamzah v. Woodmans Food Market, Inc.*, No. 13-cv-491, 2014 WL 1207428, at *2 (W.D. Wis. Mar. 24, 2014) (finding "[t]o the extent [plaintiff] claims harassment due to his heterosexuality - that is, his sexual orientation, not his sex - he cannot bring a Title VII claim against [defendant] for these alleged instances of harassment, and the court will dismiss that claim with prejudice.").

While this Court is sympathetic to the arguments made by Hively in her response brief, this Court is bound by Seventh Circuit precedent.  Because sexual orientation is not recognized as a protected class under Title VII, that claim must be dismissed.

### Section 1981

Although Hively has alleged a claim under Section 1981, it is clear that section 1981 covers only racial discrimination.  "[O]nly race discrimination claims may be brought under [Section 1981]" and

6

"sexual orientation based claims are not cognizable under § 1981." *Perez v. Norwegian-American Hosp., Inc.*, 93 Fed. Appx. 910, 913 n.1 (7th Cir. 2004); *Bratton v. Roadway Package Sys., Inc.*, 77 F.3d 168, 177 (7th Cir. 1996) (Section 1981 also "does not provide a cause of action for sex discrimination claims"); *Friedel v. Madison*, 832 F.2d 965, 967 n. 1 (7th Cir. 1987). As such, Hively's section 1981 claim must also be dismissed for failure to state a claim.

Request to Amend the Complaint

At the end of her response in opposition to the motion to dismiss, Hively requests "permission to amend the initial complaint to include the state and local rules and Ivy Tech Community College's employment policy." (DE #12, p. 3.) She references "regulations that govern both the State and City" in which Ivy Tech operates, Indiana's constitution, and an employee handbook. (*Id.*, pp. 1-2.) First, this request is procedurally improper as motions should not be combined (N.D. Ind. L.R. 7-1(a)), and Hively did not include a "signed proposed amendment as an attachment" in accordance with N.D. Ind. L.R. 15-1(a). Additionally, any amendment would be futile. This Court would have no jurisdiction over the proposed amendment "to include the state and local rules and [an] employment policy" as these would be purely state claims and diversity is lacking. *See* Ind. Code § 21-22-2-2 ("Ivy Tech

7

Community College of Indiana" is a "state educational institution"); DE #1 (Plaintiff's address is in South Bend, Indiana). Here, where an amendment would be futile, it is appropriate to dismiss the case without leave to amend. *See, e.g., Braun v. Gonzales*, No. 13-3183, 2013 WL 3038630, at *1 (E.D. Pa. June 18, 2013) (denying pro se motion to amend as "amendment would be futile because it is apparent that this case concerns matters of state law and that there is no basis for diversity jurisdiction"); *Disanto v. Genova Prods., Inc.*, No. 1:10-cv-120, 2011 WL 90243, at *1 (N.D. Ind. Jan. 10, 2011)(finding it futile to grant motion to amend where proposed amended complaint does not establish diversity jurisdiction). Moreover, if Hively attempted to articulate a different federal claim, Ivy Tech, as an arm of the state, would likely be immune under the Eleventh Amendment. *See McCullough v. IPFW Univ.*, No. 1:12-cv-398, 2013 WL 587886, at *1-*2 (N.D. Ind. Feb. 11, 2013) (denying motion to amend complaint as state university was immune from federal claims). As such, Plaintiff's request to amend her complaint is futile, and is **DENIED**.

CONCLUSION

For the reasons stated above, the Motion to Dismiss (DE #8) is **GRANTED**. The Clerk is **ORDERED** to **DISMISS** Plaintiff's complaint **WITH PREJUDICE** in its entirety, and to **CLOSE** this case.

**DATED:    March 3, 2015**                    /s/ RUDY LOZANO, Judge
                                               **United States District Court**