**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION**

KIMBERLY A. HIVELY

    Plaintiff,

v.

IVY TECH COMMUNITY COLLEGE,

    Defendant.

CAUSE NO. 3:14-CV-1791

**PLAINTIFF'S SECOND AMENDED COMPLAINT**

This is an action under Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. § 2000e-5) and for equal rights under law (42 U.S.C. § 1981), to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to Plaintiff Kimberly Hively. As alleged with greater particularity in paragraphs 6-19 below, Plaintiff alleges that Defendant, Ivy Tech Community College ("Ivy Tech") denied her full-time employment and promotion, and terminated her based on her sexual orientation.

**PARTIES**

1.  The Plaintiff is Kimberly A. Hively. Her address is 1112 S. 25th St., South Bend, IN 46615, and her telephone number is (574) 232-7986.

2.  The Defendant is Ivy Tech Community College. Ivy Tech is located at 220 Dean Johnson Blvd., South Bend, IN 46601. The Defendant has appeared in this case, and thus no further service of process is required.

## BASIS OF CLAIMS AND JURISDICTION

3. This action is brought for employment discrimination pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e to 2000e-17, and equal rights under Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

4. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343(a).

5. This case is on remand from the United States Court of Appeals for the Seventh Circuit.  There is no dispute at this point about jurisdiction or venue.

## STATEMENT OF CLAIMS

6. Kim Hively is a woman.  She is a private person.  Her sexual orientation is homosexual.

7. Plaintiff began teaching as a part-time adjunct professor at Ivy Tech Community College ("Ivy Tech") in South Bend, Indiana in 2000.

8. Plaintiff received a master's degree in liberal studies from Indiana State University in 2011, with hopes to advance her career with Ivy Tech.  Upon earning her master's degree, Ivy Tech concluded that Ms. Hively met Ivy Tech's credential criteria to teach all math courses.  The School Dean and Vice Chancellor of Academic Affairs signed the credentialing evaluation.

9. In her time at Ivy Tech, Plaintiff has consistently received high performance reviews as an adjunct professor, as well as positive student-evaluations.  In 2011-2012, Plaintiff received an award for Excellence in instruction.  In 2014, she received praise from Dean James Powell in a written recommendation.

10. In 2009, Plaintiff and her partner were reported to have been kissing in the parking lot at Ivy Tech.  Subsequently, Ivy Tech called Plaintiff to inform her of the report, and to remind her of her "professionalism," notwithstanding that public displays of affection at Ivy Tech were

common (e.g., "kiss good-bye," hand-holding, etc.) among men in relationships with women who conformed to Ivy Tech's gender norms.  Plaintiff, however, was reprimanded by the office of Academic Affairs because Plaintiff was female and because she was not conforming with Ivy Tech's gender norms. In 2011-2012, Plaintiff won the Adjunct Faculty Award for Excellence in Instruction, and was nominated for an additional teaching award.  She had good reviews and positive student evaluation throughout her tenure.

11.     Plaintiff had applied for at least six positions with Ivy Tech.  She was not recommended for hire for a single teaching or administrative position she applied for over a five-year period beginning in 2009.

12.     Moreover, despite several applications, Plaintiff was never offered full-time employment.

13.     On December 10, 2013, Plaintiff filed a sex discrimination charge regarding these adverse employment actions, which was presented to the Equal Employment Opportunity Commission (the "EEOC").  In that charge, she asserted that she was "being discriminated against based on [her] sexual orientation."

14.     After having taught at Ivy Tech for more than thirteen years, administrators at Ivy Tech began to scrutinize Ms. Hively's credentials in June of 2014 after she filed her EEOC complaint and had applied for another job.  Ms. Hively was not subjected to a credentialing review for any application prior to her 2013 EEOC charge.  On information and belief, the credentialing review was a pretext for Ivy Tech to justify its decision to not renew Ms. Hively's part-time employment contract in July 2014.

15.     Ivy Tech's aforementioned decision to single Ms. Hively out for a credentialing review was an act of retaliation.  Namely, the credentialing review was an adverse employment

action that occurred after Ms. Hively lodged her charge with EEOC alleging discrimination.  Ivy Tech initiated the credentialing review despite the fact that Ms. Hively's credentials had not changed except for successfully completing more teaching assignments since her 2011 credentialing, receiving more positive reviews, and receiving a teaching award.  Ivy Tech's retaliatory conduct is prohibited by Title VII.  42 UCSC § 2000e-3.

16. Ivy Tech's aforementioned decision to not renew Plaintiff's contract in the summer of 2014 was motivated by her prior filing a complaint with the EEOC.

17. Ivy Tech's aforementioned decision to not promote or renew Plaintiff's contract was motivated by Plaintiff's sex, including her failure to conform to the female gender stereotypes given her sexual orientation toward other women.  By discriminating against Plaintiff for failing to conform to the female stereotype, and by discriminating against her based on conduct it allowed men to engage in, Ivy Tech engaged in unlawful gender stereotyping that falls within Title VII's prohibition against sex discrimination.  *Hively v. Ivy Tech Cmty. Coll. of Indiana*, 853 F.3d 339, 346 (7th Cir. 2017), as well as sexual discrimination in favor of men.

18. Ivy Tech's aforementioned decision to not promote or renew Plaintiff's contract was motivated by Plaintiff's sex and sexual orientation.  Ivy Tech did not take adverse action against men who were attracted to, dating, or living with women.  Ivy Tech has disadvantaged Plaintiff because she did not conform to gender stereotypes and norms about women, was treated less favorably than men who were attracted to women, and she has experienced "paradigmatic sex discrimination" under Title VII.  *Id.*

19. Ivy Tech took adverse action against Plaintiff based on her association and relationship with another woman.  Plaintiff would not be suffering the adverse actions against her, had her sex been different.  Ivy Tech's decision not to promote or renew Plaintiff's contract

because of her association with another woman is prohibited sex discrimination under Title VII. *Id.* at 348-349.

20. The effect of the practices described in paragraphs 6-19 above have been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex.

21. The unlawful employment practices complained of in paragraphs 6-19 above were intentional.

22. The unlawful employment practices complained of in paragraphs 6-19 above were done with malice or with reckless indifference to Kim Hively's federally protected rights.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests that this Court:

23. Order Ivy Tech to make Kim Hively whole, by providing appropriate back-pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

24. Order Ivy Tech to make Kim Hively whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 6-19 above, such as debt-related expenses, job search expenses, medical expenses, and other expenses incurred by her, which were reasonably incurred as a result of Defendant's conduct, in the amounts to be determined at trial.

25. Order Ivy Tech to make Kim Hively whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices complained of in

paragraphs 6-19 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, the amounts to be determined at trial.

26. Order Ivy Tech to pay Kim Hively punitive damages for its malicious and reckless conduct described in paragraphs 6-19 above, in amounts to be determined at trial.

27. Award Kim Hively attorneys' fees, expenses and costs for this action.

Date:  January 22, 2018

Respectfully submitted,

**FISH & RICHARDSON P.C.**

*/s/ Raisa Ahmad*
Danielle J. Healey
healey@fr.com
TBA No. 09327980
SD Texas ID No. 35021
Karrie H. Wheatley
wheatley@fr.com
TBA No. 24098605
Raisa Ahmad
ahmad@fr.com
TBA No. 24101437
1221 McKinney Street, Suite 2800
Houston, Texas 77010
Telephone:  713-654-5300
Facsimile:  713-652-0109

Daniel H. Pfeifer
dpfeifer@pilawyers.com
IBA No. 5720-71
Pfeifer Morgan & Stesiak
53600 North Ironwood
Road South Bend, Indiana
46635  Telephone:
574-272-2870 Facsimile:
574-271-4329

ATTORNEYS FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document is being served via email to all counsel of record this 22nd day of January 2018, to the following addresses:

>Jason T. Clagg
>Email: *jason.clagg@btlaw.com*
>Adam L. Bartrom
>Email: *adam.bartrom@btlaw.com*
>Telephone: (260) 423-9440
>Facsimile: (260) 424-8316
>**BARNES & THORNBURG LLP**
>888 S. Harrison Street, Suite 600
>Fort Wayne, IN 46802-2206
>
>ATTORNEYS FOR DEFENDANT
>IVY TECH COMMUNITY COLLEGE

>*/s/ Raisa Ahmad*
>Raisa Ahmad